CADES SCHUTTE LLP
A Limited Liability Law Partnership

MARTIN E. HSIA            2954-0
COLIN O. MIWA             2997-0
NATHANIEL DANG            11102-0
Cades Schutte Building
1000 Bishop Street, Suite 1200
Honolulu, Hawaiʻi  96813-4212
Telephone:  (808) 521-9200
Facsimile:  (808) 521-9210
Email:  mhsia@cades.com
        cmiwa@cades.com
        ndang@cades.com

Attorneys for Plaintiff
NALU KAI INCORPORATED
dba NAISH SAILS HAWAII

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| NALU KAI INCORPORATED dba NAISH SAILS HAWAII, a Delaware corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>CORE KITEBOARDING GMBH, a German corporation,<br><br>          Defendant. | CASE NO. 1:20-cv-00211<br>(Patent)<br><br>**COMPLAINT; DEMAND FOR JURY TRIAL; EXHIBITS "A"-"F"** |

# COMPLAINT

Plaintiff NALU KAI INCORPORATED dba NAISH SAILS HAWAII, a Delaware corporation, for its complaint against Defendant CORE KITEBOARDING GMBH, alleges and avers as follows:

## I.   THE PARTIES AND JURISDICTION

1. Plaintiff NALU KAI INCORPORATED dba NAISH SAILS HAWAII ("*Nalu Kai*") is a Delaware corporation that is located and doing business at 810 Haiku Road, Suite 387, Haiku, Hawai'i 96708.

2. On information and belief, Defendant CORE KITEBOARDING GMBH ("*Core*") was and is, at all times relevant herein, a German corporation having a place of business at Ton Strand 6, 23769 Fehmarn, Federal Republic of Germany.

3. This Court has original and exclusive jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 28 U.S.C. § 1367(a), in that this is an action relating to patents, and all other claims are related to Plaintiff's claim for patent infringement and are therefore proper under this Court's supplemental jurisdiction.

4. This Court has personal jurisdiction over Defendant Core pursuant to Haw. Rev. Stat. § 634-35 because, on information and belief, Defendant Core,

directly or indirectly, transacts business within this judicial district and/or has committed tortious acts within this judicial district.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(c)(3), as Defendant is not a resident in the United States.

## II. NATURE OF THE CASE

6. This is an action for patent infringement arising under the Patent Act of the United States, 35 U.S.C. §§ 271 and 281, based on Defendant Core's making, using, selling or offering for sale, or importing, directly or indirectly, kiteboarding products in this judicial district that infringe on Plaintiff Nalu Kai's patented Invention (as defined below), without the agreement or consent of Plaintiff, causing substantial damage and injury to Plaintiff Nalu Kai, who is located and has been doing business in the State of Hawai'i for over 20 years. Accordingly, Plaintiff seeks injunctive and declaratory relief, as well as actual and treble damages, based on the willful infringement of Plaintiff's Patent by Defendant Core.

## III. FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. On or about May 14, 2003, Nalu Kai, Christopher Carswell Barrs, Donald Lewis Montague and Alexander Pouchkarev filed or caused to be filed with the United States Patent and Trademark Office International Patent Application PCT/US03/15433 entitled "Push Release Loop" (the "*International Patent Application*") which entered the national stage in the United States as U.S.

Patent Application 10/432,466 entitled "Push Release Loop" (the invention disclosed in such application is herein referred to as the "*Invention*").

8. On or about May 13, 2003, May 12, 2003 and May 14, 2003, respectively, Christopher Carswell Barrs, Donald Lewis Montague and Alexander Pouchkarev assigned the full and exclusive right, title, and interest to the Invention to Plaintiff Nalu Kai (the "*2003 Assignment*").

9. On or about May 14, 2003, Christopher Carswell Barrs, Donald Lewis Montague and Alexander Pouchkarev caused the 2003 Assignment to be recorded in the United States Patent and Trademark Office.

10. Since the 2003 Assignment, Plaintiff Nalu Kai has been, and continues to be, the owner of all right, title, and interest in and to the Invention.

11. On or about November 20, 2003, the International Patent Application was published under the Patent Cooperation Treaty.

12. On or about January 24, 2006, United States Patent No. 6,988,694 (the "*Patent*") issued to Plaintiff Nalu Kai, as assignee. A true and correct copy of the Patent is attached hereto as Exhibit "A" and incorporated herein by reference.

13. The Patent claims priority to United States provisional patent application 60/380,777 (the "*PPA*"), filed May 14, 2002.

14. On or about August 10, 2006, an Ex Parte Request for Reexamination of the Patent was filed with the U.S. Patent and Trademark Office.

15. On or about September 9, 2008, the U.S. Patent and Trademark Office issued an Ex Parte Reexamination Certificate (6427th) of the Patent, a true and correct copy of which is attached hereto as Exhibit "B" and incorporated herein by reference. As a result of the reexamination, (a) the patentability of claims 1, 2, 6, 8, 9, and 13 of the Patent was confirmed; (b) the patentability of claim 10 was confirmed, as amended; (c) claim 3 was cancelled; and (d) newly presented claim 14 was added and determined to be patentable.

16. Under 35 U.S.C. § 282, the Patent is presumed valid.

17. On information and belief, Defendant Core owns and operates a website, www.corekites.com, which advertises and offers for sale kiteboarding products that infringe upon Plaintiff's Patent, including the "Core Intuitive Connect Release" kite release system. Copies of screenshot excerpts downloaded from the website, showing these products, are attached hereto as Exhibits "C" and "D" and are incorporated herein by reference.

18. On information and belief, Defendant Core's website at www.corekites.com refers to its "Core Intuitive Connect Release" kite release system, which incorporates a "push-out and easy click-back-in quick release" performing substantially the same function in substantially the same way to achieve substantially the same result as Plaintiff's patented Invention. *See* Exhibits "C" and "D" attached hereto.

19. On information and belief, Defendant Core's website enables U.S. consumers to pre-order products, including the infringing products, and further provides for "Worldwide shipping starting in May 2020." *See* Exhibits "C" and "D" attached hereto.

20. On information and belief, Defendant Core, directly or indirectly, makes, uses, offers to sell, or sells within this judicial district or imports into the United States kiteboarding products infringing Plaintiff's Patent during the term therefor, and has thereby infringed Plaintiff's Patent within the meaning of 35 U.S.C. § 271(a).

21. On information and belief, Defendant Core, directly or indirectly, has offered to sell or sold within this judicial district or has imported an apparatus for use in practicing a patented process, and has thereby infringed Plaintiff's Patent within the meaning of 35 U.S.C. § 271(c), all of which was done willfully and without the consent of Plaintiff Nalu Kai.

22. On information and belief, Defendant Core is doing business and engaging in the above-stated acts of patent infringement in this judicial district, including but not limited to the direct or indirect sale or offering for sale of kiteboarding products that infringe upon Plaintiff's Patent.

23. On information and belief, through its website at www.corekites.com, Defendant Core currently sells, or offers to sell, to customers in other countries including the United States, kiteboarding products that infringe upon Plaintiff's

Patent. A copy of a download from the Core website, www.corekites.com, showing stores located in this judicial district where the Core kiteboarding products are available, is attached hereto as Exhibit "E."

24. On information and belief, Defendant Core controls the manufacturing, use, sale, offering to sell, and quality of the kiteboarding products shown on the website, including the "Core Intuitive Connect Release" kite release system, as evidenced by an assignment to Core of U.S. Trademark Registration No. 4758437 for the mark, "CORE," on or about January 27, 2020. A downloaded copy of the trademark registration status summary from the TESS database of the U.S. Patent and Trademark Office is attached hereto as Exhibit "F."

25. On information and belief, Defendant Core has unlawfully profited from its infringement of Plaintiff Nalu Kai's Patent, and Plaintiff, who is located and does business within this judicial district, has been deprived thereby of rights and profits which would otherwise come to Plaintiff. The infringing activities of Defendant have significantly diminished the commercial value of Plaintiff's Invention and have materially damaged Plaintiff's business. Defendant has thereby caused Plaintiff monetary damage in an amount to be determined, and threatens to continue to cause Plaintiff irreparable damage unless injunctive relief is granted by this Court.

26. As a direct and proximate result of Defendant Core's conduct, Plaintiff Nalu Kai has suffered and will continue to suffer irreparable injury, for

which it has no adequate remedy at law.  Plaintiff has also been damaged and, until an injunction issues, will continue to be damaged in its business and reputation in an amount yet to be determined.  The willful nature of Defendant Core's infringement of Plaintiff's Patent entitles Plaintiff to treble damages, as well as its attorneys' fees and litigation costs.

## COUNT ONE
### Patent Infringement

27.   Plaintiff hereby realleges and incorporates the allegations set forth in the preceding paragraphs as though set forth fully herein.

28.   On information and belief, Defendant Core has infringed the Patent by making, using, selling, offering for sale or importing, either directly or indirectly, infringing kiteboarding products covered by the claims of the Patent (and/or an apparatus for use in practicing a patented process), either literally or under the doctrine of equivalents, in this judicial district and elsewhere in the United States, and will continue such infringement unless enjoined by this Court.

29.   As a result of Defendant's acts, Plaintiff has been damaged.

30.   On information and belief, unless enjoined by this Court, Defendant will continue to infringe the Patent, and Plaintiff will suffer irreparable harm for which there is no adequate remedy at law, and therefore Plaintiff is entitled to preliminary and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

## COUNT TWO
## Willful Patent Infringement

31. Plaintiff hereby realleges and incorporates the allegations set forth in the preceding paragraphs as though set forth fully herein.

32. On information and belief, Defendant has willfully infringed the Patent by making, using, selling, offering for sale or importing, either directly or indirectly, infringing products covered by the Patent (and/or an apparatus for use in practicing a patented process), either literally or under the doctrine of equivalents, in this judicial district and elsewhere in the United States, and will continue such infringement unless enjoined by this Court.

33. As a result of Defendant's acts, Plaintiff has been damaged.

34. On information and belief, unless enjoined by this Court, Defendant will continue to infringe the Patent, and Plaintiff will suffer irreparable harm for which there is no adequate remedy at law, and therefore Plaintiff is entitled to preliminary and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

WHEREFORE, Plaintiff respectfully requests entry of judgment in its favor and against Defendant, as follows:

A. A finding that Defendant has, and is, infringing the Patent, which is valid and enforceable;

B. A finding that Defendant's infringement of the Patent was willful;

C. An award against Defendant for the damages suffered by Plaintiff as a result of Defendant's acts of infringement, including (without limitation) a reasonable royalty and prejudgment interest, in an amount to be determined;

D. An order enjoining Defendant, its officers, directors, principals, owners, shareholders, agents, servants, employees, attorneys and all entities and individuals acting in concert or participation with Defendant or on Defendant's behalf, from infringing the Patent in accordance with 35 U.S.C. § 283;

E. Judgment in favor of Plaintiff for damages suffered according to proof, trebled;

F. An award to Plaintiff of its reasonable attorneys' fees, costs and expenses in this action; and

G. Such other and further relief as the Court may deem just and equitable as the circumstances warrant.

DATED: Honolulu, Hawai'i, May 6, 2020.

CADES SCHUTTE LLP
A Limited Liability Law Partnership

*/s/ Colin O. Miwa*
MARTIN E. HSIA
COLIN O. MIWA
NATHANIEL DANG

Attorneys for Plaintiff
NALU KAI INCORPORATED
dba NAISH SAILS HAWAII

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| NALU KAI INCORPORATED dba NAISH SAILS HAWAII, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CORE KITEBOARDING GMBH, a German Corporation,<br><br>Defendant. | CASE NO. 1:20-cv-00211<br>(Patent)<br><br>**DEMAND FOR JURY TRIAL** |

## DEMAND FOR JURY TRIAL

Plaintiff NALU KAI INCORPORATED dba NAISH SAILS HAWAII, by and through its undersigned attorneys, hereby demands, pursuant to Rule 38 of the Federal Rules of Civil Procedure, trial by jury on all issues so triable herein.

DATED:  Honolulu, Hawaiʻi, May 6, 2020.

                CADES SCHUTTE LLP
                A Limited Liability Law Partnership

                */s/ Colin O. Miwa*
                MARTIN E. HSIA
                COLIN O. MIWA
                NATHANIEL DANG

                Attorneys for Plaintiff
                NALU KAI INCORPORATED
                dba NAISH SAILS HAWAII